UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MAVRICK KOMASINSKI,**

    **Plaintiff,**
v.                                                         CASE NO.: _____

**OFF LEASE ONLY, LLC and CERBERUS
CAPITAL MANAGEMENT, LP;**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MAVRICK KOMASINSKI, by and through his undersigned counsel, hereby files suit against Defendants, OFF LEASE ONLY, LLC, a Florida Limited Liability Company; and CERBERUS CAPITAL MANAGEMENT, LP, a Delaware Corporation. In support thereof, Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1. This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended ("Title VII"); the Florida Civil Rights Act of 1992, §760.01, Fla. Stat., *et seq*. ("FCRA"); and the Florida Whistleblower Act, Fla. Stat. §448.102 ("FWA").

2. This Court has jurisdiction over the Title VII claim pursuant to 28 U.S.C. §1331 as this is a civil action arising under the laws of the United States (Federal Question). This Court also has supplemental jurisdiction over the FCRA and FWA state law claims pursuant to 28

U.S.C. §1367, as those claims are so related to the federal law claims that they form part of the same case or controversy.

3. Venue is proper in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b) because the unlawful employment practices alleged were committed in Miami, Miami Dade County, Florida and because the Defendants operate and do business in Miami, Miami Dade County, Florida.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. On or about December 1, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A true and correct copy of the Charge of Discrimination is attached hereto and incorporated herein as Exhibit A.

5. The EEOC issued a Notice of Right to Sue on January 6, 2021. A true and correct copy of the EEOC's Notice of Right to Sue is attached hereto and incorporated herein as Exhibit B. This action is being filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

6. Plaintiff has exhausted all administrative remedies prior to the filing of this lawsuit. All other conditions precedent to the commencement and maintenance of this action have been satisfied or waived.

**STATEMENT OF THE PARTIES**

7. Plaintiff is an individual residing in Plantation, Broward County, Florida.

8. Defendant Off Lease Only, LLC ("Off Lease") is a Florida Limited Liability Company with its principal place of business at 1200 S. Congress Avenue, West Palm Beach, Florida and operated a facility in Miami Dade County, Florida at which Plaintiff was employed.

Defendant Off Lease has at least 15 employees and have been engaged in an industry affecting commerce, pursuant to Title VII.  At all times relevant to this action, Defendant has continuously been a private employer within the meaning of Title VII, the FCRA, and the FWA.

9. Defendant Cerberus Capital Management, LP ("Cerberus") is a Delaware Limited Partnership, with its principal place of business at 875 Third Avenue, New York, New York, and doing business in the State of Florida, including Palm Beach County and Miami Dade County, Florida. Defendant Cerberus has at least 15 employees and have been engaged in an industry affecting commerce, pursuant to Title VII.  At all times relevant to this action, Defendant Cerberus has continuously been a private employer within the meaning of Title VII, the FCRA, and the FWA.

10. In or about November 2019, Defendant Cerberus acquired Defendant Off Lease and the two defendants became joint employers. Following its acquisition of Defendant Off Lease, Defendant Cerberus maintained the authority to and actually controlled the business matters at Defendant Off Lease's locations, including approval power over the managers' hiring, discipline and discharge decisions.  Defendant Cerberus managed the day-to-day affairs of Off Lease and shared office space with Defendant Off Lease at Off Lease's West Palm Beach, Florida corporate offices.  Executives of Defendant Cerberus gave Plaintiff direction with respect to his job duties and Plaintiff was informed that the Cerberus executive team were his employers and his "bosses" with respect to the performance of his job duties.

**STATEMENT OF FACTS**

11.  Plaintiff was hired by Defendant Off Lease in or about October 2016 as a Finance Manager. At that time, the General Manager Ray Rodriguez ("GM Rodriguez") was Plaintiff's supervisor.

12.  In or about August 2019, Jonathan Noda ("Noda") was promoted to Finance Director for Defendant's Miami location and became Plaintiff's direct supervisor.

13.  On or about October 9, 2019, Plaintiff had a meeting with Noda regarding personal issues Plaintiff had that required flexibility in his work schedule, particularly his arrival time. Noda assured Plaintiff that this would not be a problem as Plaintiff worked on commission and was not paid hourly and there were no issues with regard to staffing that would make flexibility in his work schedule an issue for the company.

14.  Also, Noda allowed many other employees to have modified schedules that were not properly documented. However, Plaintiff documented his time accurately.

15.  On October 12, 2019, Noda used the N-word in a company meeting where numerous employees, including minorities, were present. Noda had used the N-word numerous times in the past in front of Plaintiff and others employed by Defendants.

16.  Plaintiff complained to the GM Rodriguez about Noda's use of this racial slur during the meeting and Noda's use of this racial slur on a regular basis.

17.  Human Resources ("HR") purportedly investigated Plaintiff's complaint. During Plaintiff's interview, he expressed his opinion that the company should show no tolerance for such racially discriminatory conduct and that Noda should be terminated.

18. Upon information and belief, no action was taken against Noda for his use of racial slurs in the workplace. No formal statement was ever issued by the Defendants regarding the inappropriate comments or the results of the investigation. Plaintiff was not informed of the results of the investigation.

19. Noda later came to Plaintiff's office to provide excuses for his behavior. It later came to Plaintiff's attention that statements he made during the HR investigation had been shared with Noda.

20. Within about one week of completing the purported investigation into Noda's use of the N-word , on October 30, 2019, Noda issued a "Final Warning" to Plaintiff for arriving to work late. Noda issued this discipline despite the fact that he had expressly authorized Plaintiff to modify his schedule, including his arrival time.

21. On November 1, 2019, Plaintiff reported this discipline to HR and GM Rodriguez, informing them that he believed this disciplinary action was retaliation for the complaint he made against Noda for using racial slurs.

22. Noda admitted to HR and management that he had allowed other employees to come in late pursuant to a "secret schedule" that was not recorded. Noda was instructed to correct the schedule, but none of those other employees were disciplined for coming in late.

23. Plaintiff requested some time off for February 2, 2020 and it was approved by Noda. However, when Plaintiff returned to work on February 3, 2020, the GM Rodriguez confronted him and accused of him of "no call, no show" the day before.

24. Plaintiff informed GM Rodriguez that he had received permission from Noda to take PTO on February 2, 2020 and showed GM Rodriguez the text message from Noda confirming Plaintiff's PTO request.

25. Nevertheless, HR suspended Plaintiff on February 3, 2020, "pending an investigation" into the PTO issue, despite Plaintiff providing HR with a copy of the text message.

26. On February 5, 2020, Plaintiff received a call from HR, GM Rodriguez, and Noda informing him that he was being terminated. The reason he was given for his termination was alleged "insubordination" for not leaving the premises immediately when he was suspended.

27. Plaintiff responded that he was never instructed by anyone to leave the premises. He was told that they were going to proceed with the termination, regardless.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

28. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-27 of this Complaint.

29. Plaintiff's complaints to management and HR about his supervisor's use of racial slurs in the workplace and the retaliation following that complaint constitute protected activity.

30. Defendants' actions in disciplining Plaintiff for alleged attendance issues, suspending Plaintiff following approved PTO, and terminating him for alleged insubordination, (adverse employment actions) constitute unlawful retaliation in violation of §701(j) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e(j) and 2000e-2(a), as amended.

31. There is a causal connection between Plaintiff's protected activity and the adverse employment actions of Defendants.

32. Defendants' retaliatory actions were done with malice and reckless indifference to Plaintiff's federally protected rights in violation of Title VII.

33. As a result of the Defendants' unlawful actions, Plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

**COUNT II**
**RETALIATION IN VIOLATION OF THE FCRA**

34. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-27 of this Complaint.

35. Plaintiff's complaints to management and HR about his supervisor's use of racial slurs in the workplace and the retaliation following that complaint constitute protected activity.

36. Defendants' actions in disciplining Plaintiff for alleged attendance issues, suspending Plaintiff following approved PTO, and terminating him for alleged insubordination, constitute unlawful retaliation in violation of the FCRA.

37. There is a causal connection between Plaintiff's protected activity and the adverse employment action by Defendants.

38. Defendants' retaliatory actions were done with malice and reckless indifference to Plaintiff's rights in violation of the FCRA.

39. As a result of Defendants' unlawful actions, Plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

## COUNT III
## VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT

40. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-27 of this Complaint.

41. This is an action for damages as a result of Defendants' violation of the Florida Whistleblower Act ("FWA").

42. During the course of his employment, Plaintiff complained about unlawful workplace behaviors exhibited by his direct supervisor, the Finance Director Noda, including Noda's use of racial slurs in the workplace and his retaliatory discipline of Plaintiff following that initial complaint. Plaintiff's objections in this regard are considered protected activity under the FWA.

43. Defendants disciplined and ultimately terminated Plaintiff's employment because he engaged in the protected activity of objecting to Defendants' violations of law.

44. Defendants' discipline and ultimate termination of Plaintiff is a violation of the FWA.

45. As a result of Defendant's unlawful actions, Plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MAVRICK KOMASINSKI, respectfully prays for the entry of a judgment in his favor, and against Defendants, OFF LEASE ONLY, LLC and CERBERUS CAPITAL MANAGEMENT, LP, for the following relief:

1. Lost wages, compensation and other employment benefits caused by

Defendants' unlawful actions;

2. Compensatory damages for emotional distress, embarrassment and humiliation, loss of dignity, damage to his reputation, and related damages in an amount to be determined by the jury;

3. Punitive damages in an amount to be determined by the jury;

4. A declaration that the Defendants' acts and practices complained of are in violation of Title VII, §1981, the FCRA; and the FWA;

5. An order enjoining and permanently restraining these violations;

6. A declaration directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

7. Prejudgment and post-judgment interest;

8. Reasonable attorney's fees and costs in accordance with applicable law; and

9. Such other relief as Plaintiff may be entitled to under the premises.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and counts in this Complaint so triable as a matter of right.

**DATED**: April 5, 2021.

Respectfully submitted,

*/s/ Deborah Frimmel*
**DEBORAH FRIMMEL, ESQ.**
Florida Bar Number 93970
deborah@burruezolaw.com
docketing@burruezolaw.com
**BURRUEZO & BURRUEZO, PLLC**

911 Outer Road
Orlando, Florida 32814
Office: 407.630.6650
Facsimile: 407.754.2905

*Attorney for Plaintiff Mavrick Komasinski*

4820-9638-6782, v. 2

10

# EXHIBIT A

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form. | Agency(ies)<br>**X** FEPA<br>**X** EEOC | Charge Number(s):<br>**510-2021-01235** |
|---|---|---|

**Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR)**

*State or local Agency, if any*

| Name *(indicate Mr. Ms. Mrs.)*<br>**Mavrick Komasinski** | Home Phone *(Incl. Area Code)*<br>**c/o Burruezo & Burruezo, PLLC**<br>**(407) 754-2904** | Date of Birth<br>**09/03/1979** |
|---|---|---|
| Street Address | City, State and ZIP Code | |
| | **c/o Burruezo & Burruezo, PLLC, 911 Outer Road, Orlando (Baldwin Park), Florida 32814** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**Off Lease Only, LLC** | No. Employees, Members<br>**850** | Phone No. *(Include Area Code)*<br>**561-222-2277** |
|---|---|---|
| Street Address | City, State and ZIP Code | |
| | **1200 S. Congress Ave., West Palm Beach, FL 33406** | |
| Name<br>**Cerberus Capital Management, L.P.** | No. Employees, Members<br>**500+** | Phone No. *(Include Area Code)*<br>**212-891-2100** |
| Street Address | City, State and ZIP Code | |
| **875 Third Avenue, New York, New York, 10022** | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es))*<br><br>**X** RACE ___ COLOR ___ SEX ___ RELIGION ___ NATIONAL ORIGIN<br><br>**X** RETALIATION **X** AGE ___ DISABILITY ___ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest           Latest<br>10/30/2019  -  2/5/2020<br><br>____ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s))*:

I was first hired by Off Lease Only, LLC ("OLO") in around October 2016 as a Finance Manager. I continued as a Finance Manager throughout my employment with OLO. My supervisor was Ray Rodriguez, General Manager, and in or around August, 2019, Jonathan Noda, Finance Director for the Miami location became my direct supervisor.

On October 9, 2019 I met with Mr. Noda to discuss some personal issues that were going to require some flexibility in my schedule. Mr. Noda assured me flexibility would not be an issue.

On October 12, 2019 Mr. Noda, during a company meeting used a racially derogatory word (N*****). Mr. Noda had used the racially derogatory word (N*****) on numerous occasions in the workplace in various situations and in front of multiple employees and managers. I approached the General Manger, Ray Rodriguez regarding my supervisor's use of this racially derogatory word. Human Resources took statements, and an investigation was completed. Mr. Noda came to my office and made excuses for his use of this racially derogatory language. Mr. Rodriguez said these remarks were wrong and unacceptable, that was the end of the investigation. To the best of my knowledge and belief, no action was taken against Mr. Noda.

On October 30, 2019 I was issued a false and malicious final warning by Mr. Noda allegedly for my punch in time. This was my first and only warning at OLO and the write-up was retaliatory for reporting Mr. Noda's use of the racially derogatory language.

Further, I am Caucasian and I was treated less favorably than Hispanic co-workers who were similarly situated to me in terms of disciplinary action and eventual termination. Additionally, I was treated less favorably than similarly situated younger employees who were all outside the protected class in terms of discipline and eventual termination of employment. I am forty- one (41) years old and in the age protected class.

On November 1, 2019 I meet with HR and Mr. Rodriguez, to discuss the unfair treatment I was experiencing from Mr. Noda. Mr. Rodriguez noted that he was not notified of the "final notice" which is the normal chain of command.

In around December, 2019 I was told by Bob Harris, company executive, along with the Chief HR Representative and an attorney for the Company that I am no longer able to write any commentary on write-ups.

On January 18, 2020 I requested February 2, 2020 off. This request was adding one additional day to my vacation which had been preapproved. Mr. Noda said it would not be a problem. I submitted the appropriate paperwork as usual.

On February 3, 2020, I returned to work. Upon my arrival, Mr. Rodriguez accused me of no-call no-show on February 2. I showed him the approval text messages from Mr. Noda. Mr. Rodriguez requested I send the text messages to HR, which I did immediately. That same day, HR informed me that I was on suspension pending their investigation, which would take a couple of days.

On February 5, 2020, I was terminated via three-way call with HR, Mr. Rodriguez and Mr. Noda. I was originally told my suspension was for no-call no-show, but after I produced the text messages approving my time off, this was no longer an issue. On this day, my termination was for alleged "insubordination" for not leaving the premises immediately upon suspension for the no-call no-show. However, I was never asked to leave. When I explained that I was never asked to leave, HR said, "well regardless, we will be proceeding with the termination."

I believe I was retaliated against for complaining about Mr. Noda's use of racially derogatory words during a company meeting in violation of Title VII and the Florida Civil Rights Act. I also believe I have been discriminated against based on my race (Caucasian) and my age (forty-one) in the terms and conditions of my employment in violation of Title VII, the Age Discrimination in Employment Act and the Florida Civil Rights Act. As a result of Off Lease Only, LLC's and Cerberus Capital Management, L.P.'s unlawful actions, I have suffered adverse employment actions, monetary damages, emotional harm, and pain and suffering.

| I want this charge filed with the EEOC, Florida Commission on Human Relations, and the local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|

2

EEOC-MDO
Recieved 12/01/2020

| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
|---|---|
| 12/01/2020 _____ Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC FORM 5 (REV. 3/01)
4817-1631-5603, v. 1

3

EEOC-MDO
Recieved 12/01/2020

**EXHIBIT B**

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Mavrick Komasinski<br>c/o Burruezo & Burruezo, P.L.L.C.<br>911 Outer Road<br>Orlando, FL 32814 | **From:** Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2021-01235 | **Latoya Allen,** Investigator | (786) 648-5838 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

January 6, 2021

Enclosures(s)     **BRADLEY A. ANDERSON,**     *(Date Issued)*
Acting District Director

cc:    **Respondent's Legal Representative**     **Charging Party's Legal Respresentative**

Rebecca Radosevich, Esq.
Chief Human Resources Officer
OFF LEASE ONLY
1200 S. Congress Ave.
Palm Springs, FL 33406

Deborah Frimmel, Esq.
BURRUEZO WORKPLACE LAW
911 Outer Road
Orlando, FL 32814

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***